# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

LEWIS M. BRATCHER III,

          Plaintiff,

vs.

LIBERTY NORTHWEST, et al.,

          Defendants.

Case No. 4:13-cv-00032-SLG

## <u>ORDER RE PENDING MOTIONS</u>

Before the Court are Defendants' Motion to Compel at Docket 66 and Plaintiff Lewis M. Bratcher III's Motion re Payment of Claim-Adjustment Expenses at Docket 72. Both motions have been fully briefed. Oral argument was not requested on either motion and was not necessary to the Court's determinations.

## MOTION TO COMPEL

Defendants assert that Mr. Bratcher's initial disclosures fail to satisfy Civil Rule 26(a).[1] Defendants also assert that Mr. Bratcher's discovery responses are incomplete and do not comply with Mr. Bratcher's obligations under Civil Rule 33.[2] In response, Mr. Bratcher asserts that the defendant insurance companies should pay for expert reports "or even routine discovery and disclosures," arguing that "[t]he court shouldn't compel

---

[1] *See* Docket 67 (Mem.) at 7-8 (listing the purported inadequacies of Mr. Bratcher's Civil Rule 26(a) disclosures).

[2] Docket 67 (Mem.) at 8–10 (listing Defendants' issues with Mr. Bratcher's responses to interrogatories and noting that the responses have not been verified).

disclosure or discovery for which the insurance companies don't want to pay."[3]  In their reply, Defendants assert that Mr. Bratcher "undertook a duty to provide this information and documentation in support his claim upon the filing of his Complaint in October 2011."[4]

A party participating in civil litigation is required to comply with the discovery rules. It is undisputed that Mr. Bratcher has not done so.  Accordingly, the Court will grant Defendants' Motion to Compel.

## MOTION RE PAYMENT OF CLAIM-ADJUSTMENT EXPENSES

Mr. Bratcher asks the Court to hold that "the insurance policy requires the insurance companies to pay" all reasonable expenses incurred by Mr. Bratcher at the Defendants' request and that such reasonable expenses "include expenses that [Mr. Bratcher] incurs for this case, including attorney fees, expert fees, and out-of-pocket costs."[5]  Mr. Bratcher asserts that he is entitled to this under the applicable insurance policy and because the Defendants "maneuvered [Mr. Bratcher] into court."[6]

Defendants respond that the policy language relied upon by Mr. Bratcher "was limited to the Business Auto Coverage Form, which is inapplicable to plaintiff's claim."[7] In his reply, Mr. Bratcher argues that "Alaska underinsured motorist benefits automatically include, as a matter of law, the coverages provided in the 'liability' section of the policy," citing the Court to the "mirror rule" in *State Farm Mutual Automobile Insurance Co. v.*

---

[3] Docket 86 (Opp'n) at 3.

[4] Docket 87 (Reply) at 4 (italics removed).

[5] Docket 72 (Mot.) at 1.

[6] Docket 72 (Mot.) at 2.

[7] Docket 79 (Opp'n) at 6.

*Lawrence.*[8]

Mr. Bratcher's motion for payment of costs is premature at this stage in the litigation.  Accordingly, it will be denied without prejudice to renew at the end of the at the conclusion of the trial, when the Court intends to address motions regarding costs, fees, and expenses.

## CONCLUSION

Based on the foregoing, IT IS ORDERED as follows:

1. Defendants' Motion to Compel at Docket 66 is GRANTED.  Lewis M. Bratcher III shall produce full and complete initial disclosures in accordance with Rule 26(a) of the Federal Rules of Civil Procedure, and specifically Rule 26(a)(1)(A)(i), (ii), and (iii), and full and complete verified responses to each of the following Interrogatories propounded to him: Interrogatory Numbers 1, 2, 3, 4, 5, 7, 8, 9, 10, 13 and 17 -- within **10 days** of the date of this Order.

2. Defendants are awarded reasonable fees and costs associated with bringing the Motion to Compel, pursuant to Civil Rule 37(a)(5). Defendants may submit a fee affidavit within **7 days** of the date of this Order.  Mr. Bratcher may submit a response within **7 days** thereafter.

3. Mr. Bratcher's Motion re Payment of Claim-Adjustment Expenses at Docket 72 is DENIED without prejudice to renew at the end of trial.

DATED this 21st day of August, 2015 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[8] Docket 82 (Reply) at 1 (citing 26 P.3d 1074 (Alaska 2001)).